Hilb Rogal & Hobbs Co. v. Sellars, 2008 NCBC 12.

NORTH CAROLINA

MECKLENBURG COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
07 CVS 19339

HILB ROGAL & HOBBS COMPANY and
MANAGING AGENCY GROUP, INC.,

             Plaintiffs,

      v.

DONALD SELLARS,

             Defendant.

**ORDER**

*Williams Mullen by Michael C. Lord and Kimberly D. Bartman for Plaintiffs Hilb Rogal & Hobbs Company and Managing Agency Group, Inc.*

*Seyfarth Shaw LLP by Andrea Okun and McGuire Woods LLP by Irving M. Brenner for Defendant Donald Sellars.*

Diaz, Judge.

{1}    Before the Court is Plaintiffs' Motion to Compel Discovery with respect to two interrogatories propounded by Plaintiffs on 9 October 2007. The parties stipulated that the Court could resolve the Motion pursuant to the expedited procedures set out in Business Court Rule 15.12. After considering the Motion and other submissions, as well as the arguments of counsel, the Court **GRANTS** the Motion to Compel.

I.

FACTS

{2}    Plaintiffs filed this lawsuit on 25 September 2007, alleging that Defendant (Plaintiffs' former employee) has violated the terms of an employment agreement prohibiting him from soliciting certain of Plaintiffs' customers. On 29 January 2008, the Court entered a preliminary injunction in this case, prohibiting

Defendant from soliciting those customers who were actual clients of Defendant during his employment with Plaintiffs.

{3}     The parties have since been engaged in discovery.  On 9 October 2007, Plaintiffs served their First Set of Interrogatories on Defendant.  The motion before the Court centers on Defendant's responses to two of the interrogatories.  The disputed interrogatories and the Defendant's answers are as follows:

> Interrogatory No. 3.  For each retail broker to which you have provided information regarding Plaintiffs' accounts since May 22, 2007, state the name and contact information of the broker, the date(s) the conversation(s) occurred, and the specific information regarding Plaintiffs' accounts that you provided.

> ANSWER:  Mr. Sellars has not provided any information acquired while employed by Plaintiffs to a retail broker regarding Plaintiffs' accounts since leaving such employment.

> Interrogatory No. 4.  To the extent not already provided in your response to Interrogatory No. 3, for each retail broker who has requested information from you regarding Plaintiffs' accounts since May 22, 2007, state the name and contact information of the broker, the date(s) the conversation(s) occurred, and the specific information regarding Plaintiffs' accounts that you provided.

> ANSWER:  Mr. Sellars has not received any requests from a retail broker regarding information acquired while employed by Plaintiffs related to Plaintiffs' accounts since leaving such employment.

(Pls.' Mot. Compel 2.)

{4}     Defendant's answers to Plaintiffs' First Set of Interrogatories also included "General Objections" on grounds of relevancy, scope, and undue burden. Defendant's answers to the two disputed interrogatories, however, are not qualified by any particular objections.

II.

THE DISCOVERY DISPUTE

{5}      Plaintiffs contend that Defendant has improperly limited the scope of his answers to the interrogatories by qualifying the relevant information to that acquired by Defendant while he was employed by the Plaintiffs.

{6}      Defendant responds that he answered the interrogatories as he understood them and that Plaintiffs' interpretation of the disputed interrogatories seeks discovery that is irrelevant or unduly burdensome to produce.

III.

ANALYSIS

{7}      The Court agrees with Plaintiffs that Defendant has not responded fully to the interrogatories.  Indeed, the Court has read and re-read the interrogatories and can find no basis for Defendant's crabbed view of the information being sought.

{8}      As Plaintiffs note, the interrogatories do not ask Defendant to identify what information "**acquired while employed by Plaintiffs**" he has shared with brokers regarding Plaintiffs' accounts, nor do they ask about "requests [received] from a retail broker regarding information **acquired while employed by Plaintiffs** related to Plaintiffs' accounts." (Pls.' Mot. Compel. 3.) (emphasis added).  Rather, the interrogatories seek broader discovery as to all information related to Plaintiffs' accounts that Defendant may have exchanged with retail brokers following the effective date of his resignation from Plaintiffs' employment.

{9}      It is true that Defendant lodged general relevancy, scope, and undue burden objections that purportedly applied to each of his answers.  Defendant did not, however, lodge a specific objection to the two interrogatories in dispute.

{10}     Rule 33 of the North Carolina Rules of Civil Procedure requires that each interrogatory "be answered separately and fully in writing under oath, unless it is objected to, in which event the reasons for objection shall be stated in lieu of an answer."  N.C. Gen. Stat. § 1A-1, Rule 33 (2007).  Moreover, "[a]n objection to an interrogatory shall be made by stating the objection and the reason therefore **either**

in the space following the interrogatory or following the restated interrogatory."
N.C. Gen. Stat. § 1A-1, Rule 33 (2007) (emphasis added).

{11}   North Carolina's appellate courts have not addressed the propriety of general objections in light of the language of Rule 33.  But as one court interpreting the Federal Rules of Civil Procedure[1] has noted, "objections stated at the beginning of the response to the interrogatories, are ineffective and are an abuse of the discovery process because such objections block discovery without explaining why and to what extent."  *Waters Edge Living, LLC v. RSUI Indem. Co.,* 2008 U.S. Dist. LEXIS 33049, at *11 (N.D. Fla. Apr. 22, 2008).[2]

{12}   That is precisely what occurred here, as it was not until the hearing on Plaintiffs' Motion to Compel that Defendant first articulated that he was relying on his general objections to thwart the requested discovery.

{13}   In any event, Defendant's general objections are without merit, as the interrogatories appear reasonably calculated to discover information as to Defendant's efforts (if any) to solicit customers who were actual clients of Defendant during his employment with Plaintiffs.[3]

IV.

CONCLUSION

{14}   Plaintiffs' Motion to Compel is **GRANTED**.  Defendant shall respond fully to the disputed interrogatories within 20 days of the entry of this Order.  The Court **DENIES** Plaintiffs' request for an award of fees and costs.

**SO ORDERED**, this the 6th day of June, 2008.

---

[1] Because the North Carolina Rules of Civil Procedure are substantially similar to the Federal Rules, our courts often look to federal cases for interpretive guidance.  *Turner v. Duke Univ.*, 325 N.C. 152, 164, 381 S.E.2d 706, 713 (1989).

[2] Most federal courts addressing this issue have reached the same conclusion.  *See Etter v. Mazzotti,* 2008 U.S. Dist. LEXIS 23446 (N.D. W. Va. Feb. 27, 2008) (and cases cited therein).

[3] Consistent with this Court's order on Plaintiffs' Motion for a Preliminary Injunction, the term "Plaintiffs' accounts" as used in the interrogatories shall be limited to those accounts who were actual clients of the Defendant during his employment with the Plaintiffs.  Order on Pls.' Motion Prelim. Inj., at *4 (issued Jan. 28, 2008).